Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Tracey A. Robbins;<br><br>    Plaintiff,<br><br>v.<br><br>Midland Funding LLC; and Midland Credit Management, Inc.;<br><br>    Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

### I. Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. Plaintiff seeks to recover statutory damages, actual damages, punitive damages, costs and attorney's fees.

### II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises

under 15 U.S.C. § 1692k(d) (FDCPA), 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

## III.  PARTIES

3. Plaintiff resides in Maricopa County, Arizona.
4. Plaintiff is a natural person allegedly obligated to pay a debt.
5. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
6. Defendant Midland Funding LLC ("Midland") is a foreign limited liability company.
7. Midland collects or attempts to collect debts which it claims to have purchased or been assigned after default.
8. Midland is a "debt collector" as that term is defined by FDCPA § 1692a(6).
9. Midland is a "person" as that term is defined by FCRA § 1681a(b).
10. Midland is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), who furnishes information to one or more consumer reporting agency about consumer transactions or experiences with any consumer.
11. Defendant Midland Credit Management, Inc. ("MCM") is a Kansas corporation registered to do business within the state of Arizona.
12. MCM is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0905285.
13. MCM collects or attempts to collect debts owed or asserted to be owed or due another, or debts which it claims to have purchased or been

assigned after default.

14. MCM is a "debt collector" as that term is defined by FDCPA § 1692a(6).

15. MCM is a "person" as that term is defined by FCRA § 1681a(b).

16. MCM is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), who furnishes information to one or more consumer reporting agency about consumer transactions or experiences with any consumer.

17. At all times relevant herein, MCM was acting in concert with, on behalf of, and / or as agent for Midland.

### IV. Factual Allegations

18. Defendants have been reporting derogatory and inaccurate statements and information concerning Plaintiff to third parties for an unknown period of time, including reporting this information to one or more of the three national consumer reporting agencies, including Equifax, Trans Union, and / or Experian.

19. This inaccurate information negatively reflects upon Plaintiff, and consists of statements which cannot be attributed to Plaintiff, or which misrepresent Plaintiff's credit history.

20. Trans Union has taken the inaccurate information furnished by Defendants and disseminated it to other third parties, including Plaintiff's creditors and potential creditors.

21. In or about 2008, Plaintiff opened a charge card account with JC Penney.

22. Sometime thereafter, Plaintiff missed a regular monthly payment, and

the JC Penney account went into default.

23. Subsequent to default, JC Penney allegedly sold the account to Midland.

24. After the alleged sale, Midland assigned the account to MCM for collection purposes.

25. On August 21, 2015, Defendants filed a collection lawsuit against Plaintiff.

26. In the complaint, Defendants allege that the balance owed to Midland on the account is $781.89.

27. Throughout the collection lawsuit, Defendants allege that the balance owed is $781.89.

28. After being served with the lawsuit, Plaintiff obtained a copy of her Trans Union credit report.

29. The credit report showed that Defendants were reporting the account to Trans Union with a balance owed of $1,131 from May 14, 2012 through August 24, 2015, which is much higher than the $781.89 claimed in the collection suit.

30. Sometime thereafter, Plaintiff sent a letter to Trans Union disputing the amount reported as owed by Defendants.

31. Upon information and belief, and after receipt of Plaintiff's letter disputing the Midland tradeline, Trans Union communicated Plaintiff's dispute of the account to Defendants.

32. Upon information and belief, Defendants responded to Trans Union concerning Plaintiffs dispute and verified the reporting of the account as accurate.

33. On or about October 6, 2015, Trans Union sent Plaintiff notice of its investigation results concerning the Defendants' tradeline, including that the account had been verified, and continued to show a balance owing of $1,131 as of October 6, 2015.

34. Upon information and belief, Defendants have continued to report inaccurate information concerning the JC Penney account to one or more of the consumer reporting agencies with a balance much greater that $781.89.

35. Defendants' investigation(s) of Plaintiff's dispute were in all ways inadequate and did not comport with the requirements under FCRA 1681s-2(b).

36. Defendants ultimately "verified" its reporting of the account to Trans Union.

37. Defendants have continued to report inaccurate, derogatory and improper information, and have failed to retract, delete, and / or suppress inaccurate, derogatory and improper information about the Plaintiff, as described more fully herein.

38. As a result and proximate cause of Defendants' actions, Plaintiff has suffered actual damages, including, but not limited to, and emotional distress.

## V.  CAUSES OF ACTION

### a.  FIRST CLAIM FOR RELIEF

### (Violation of FDCPA)

39. Plaintiff incorporates by reference paragraphs 1 though 37.

40. Defendants violations of the FDCPA include, but are not necessarily

1  limited to, 15 U.S.C. §§ 1692e, 1692e((2)(A), 1692e(5), 1692e(8),
2  1692e(10), 1692f, and 1692f(1).
3  41. As a direct result and proximate cause of Defendants' actions in viola-
4  tion of the FDCPA, Plaintiff has suffered actual damages.

### b. SECOND CLAIM FOR RELIEF
### (Negligent Noncompliance with FCRA)

42. Plaintiff incorporates by reference paragraphs 1 though 41.
43. Defendants have failed to conduct a reasonable investigation of Plaintiff's disputes received from Trans Union concerning their reporting the underlying account, and have otherwise failed to comport with FCRA § 1681s-2(b).
44. As a result of Defendants' failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages for which Plaintiff seeks damages in an amount to be determined by the jury.
45. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681*o*(a).

### c. THIRD CLAIM FOR RELIEF
### (Willful Noncompliance with FCRA)

46. Plaintiff incorporates by reference paragraphs 1 through 44.
47. Defendants have willfully failed to conduct a reasonable investigation of Plaintiff's disputes received from Trans Union concerning their reporting the underlying account, and have otherwise failed to comport with FCRA § 1681s-2(b).
48. As a result of Defendants' actions, Plaintiff has suffered, and continues to suffer, actual damages for which Plaintiff seeks damages in an

amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

49. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

 a) Actual damages to be determined by the jury;

 b) Statutory damages to be determined by the jury;

 c) Punitive damages to be determined by the jury;

 d) Attorney's fees;

 e) Costs and expenses incurred in this action; and

 f) Such other relief as may be just and proper.

DATED  February 11, 2016  .

  s/ Floyd W. Bybee  
Floyd W. Bybee, SB 012651  
**BYBEE LAW CENTER, PLC**  
90 S. Kyrene Rd., Ste. 5  
Chandler, AZ 85226-4687  
Office: (480) 756-8822  
Fax: (480) 302-4186  
floyd@bybeelaw.com

Attorney for Plaintiff